**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN B. BROWN, individually; BROWN REALTY TRUST; STEPHEN B. BROWN, trustee; and GREAT CAPE HERBS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF BREWSTER, MASSACHUSETTS; NOELLE AGUIAR, TOWN OF BREWSTER CONSERVATION ADMINISTRATOR; WILLIAM GRAFTON, TOWN OF BREWSTER CONSERVATION ADMINISTRATOR; and DAVIS WALTERS, TOWN OF BREWSTER BUILDING COMMISSIONER,<br><br>Defendants. | Civil Action<br>No. 26-cv-11651-PBS |

**MEMORANDUM AND ORDER**

November 16, 2026

Saris, J.

**INTRODUCTION**

Plaintiffs Stephen B. Brown, Brown Realty Trust, and Great Cape Herbs, LLC bring this action against the Town of Brewster, Massachusetts, and town employees Noelle Aguiar, William Grafton, and Davis Walters ("Defendants") alleging that Defendants violated their equal protection and procedural due process rights under the Fourteenth Amendment (Count III) and committed various violations of state law (Counts I, II, and IV). The allegations span a decades-long history of Brewster Conservation Commission

enforcement actions involving property used for agricultural and botanical operations. Defendants move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs move for leave to file a second amended complaint alleging further details about neighbors to support their class-of-one claim under the Equal Protection Clause.

After hearing, the Court **ALLOWS** Defendants' motion to dismiss (Dkt. 6) as to Plaintiffs' federal claims (Count III) and **REMANDS** the state-law claims (Counts I, II, and IV) to the Barnstable County Superior Court. Plaintiffs' motion for leave to file a second amended complaint (Dkt. 35) is **DENIED** as futile.

## BACKGROUND

The Court draws the following background from the well-pleaded facts in Plaintiffs' first amended complaint and proposed second amended complaint and documents incorporated by reference in the complaint. See Thornton v. Ipsen Biopharmaceuticals, Inc., 126 F.4th 76, 78 (1st Cir. 2025).

### I. Allegations in the First Amended Complaint

Plaintiff Stephen B. Brown is the trustee of Brown Realty Trust, which owned two parcels of land located at 2628 Main Street and 0 Main Street in Brewster, Massachusetts. Great Cape Herbs, LLC engaged in "agricultural and botanical operations on the [p]roperty," which was "used for farming, herbal cultivation,

residential rental units, and related lawful business purposes." Dkt. 1-3 ¶¶ 11, 13.

The Brewster Conservation Commission issued enforcement orders related to the property on March 29, 1985, June 13, 1994, April 29, 2021, and January 12, 2022. On April 29, 2021, town officials issued Brown a Notice of Violations and Order to Cease and Desist, but the notice and order were vague and did not identify desired corrective measures. On July 6, 2022, town officials conducted an unannounced inspection of Brown's property and represented that a written list of violations would follow, but none was provided. On September 9, 2022, "Defendants issued a substantially expanded enforcement order," and enforcement activity continued through 2024, "including revocation of an agricultural burn permit" and "interference with farm operations" among other penalties. Id. ¶ 18.

On December 22, 2023, Brown signed a Stipulated Consolidated Order with the Conservation Commission "consolidat[ing] the enforcement matters from 1985, 1994, 2021, and 2022" and "condition[ing] the release of earlier enforcement orders upon staged performance extending through 2026" (the "Consolidated Order"). Id. ¶¶ 19-20. The Consolidated Order was recorded on February 5, 2024.

Plaintiffs allege "that the enforcement actions taken by the Town of Brewster and its officials against Plaintiffs were

inconsistent with the treatment afforded to similarly situated neighboring property owners," upon whom comparable enforcement actions were not taken, and that this disparate treatment "lacked a rational basis and constituted selective enforcement" by the Town. Id. ¶¶ 36, 38.

## II. Allegations in the Proposed Second Amended Complaint

The proposed second amended complaint alleges the following additional facts. Plaintiffs specify that the September 9, 2022 enforcement order included "directives" regarding "an additional Gray Cottage; occupation of the Red Cottage; use of the rear additions to the Herb Shop; occupancy of two residential units in the Burgess House; campers and an alleged campground use; a sign; and [a] [b]uilding [p]ermit." Dkt. 35-1 ¶ 17. They further allege that "the Town's enforcement course caused business interruption, loss of employees, crop losses, loss of tenants, substantial revenue decline, impairment of property value, and other damages." Id. ¶ 20.

Much of the proposed second amended complaint addresses the neighboring property owners that Plaintiffs posit are similarly situated for purposes of their "class-of-one" equal protection claim. Plaintiffs allege that Michael Jardus and Alex Wentworth owned, occupied, or performed work on two properties "immediately neighboring" or "immediately adjoining" Brown's property on a shared pond. Id. ¶¶ 26, 28. Brown "observed a landscaping company

mowing vegetation on the Jardus property to the water's edge of the shared pond." Id. ¶ 26. Plaintiffs allege that the Town knew or had reason to know of this "vegetation-management activity" but did not subject Jardus to comparable enforcement or cessation requirements of the type imposed on Plaintiffs "for vegetation-related activity affecting the same or closely related wetland/resource-area setting." Id. ¶ 27. Similarly, Brown observed and took contemporaneous video of "substantial vegetation clearing on the Wentworth property," including "material being pushed or deposited toward or into the wetland area adjoining Plaintiffs' property." Id. ¶ 29.

On July 22, 2024, Brown met with the Conservation Commission, raised Wentworth's vegetation-clearing activities, and asked why Wentworth was not receiving the same regulatory treatment. At this meeting, Brown also raised that "vegetation on the Jardus property was being mowed to the edge of the shared pond while Brown had been prohibited from mowing in the corresponding" area on his property. Id. ¶ 34. Brown informed the Conservation Commission at this meeting that former Conservation Administrator Aguiar had explained that Jardus was treated differently because Jardus was a homeowner.[1]

[1] Jardus and Wentworth had both obtained permits from the Town of Brewster. Although Plaintiffs' counsel agreed to submission of those permits at the hearing, Plaintiffs later objected to reliance

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations in the complaint as true and construes all reasonable inferences in favor of the plaintiffs. See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019). Additionally, the Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## DISCUSSION

In evaluating these claims, the Court considers allegations in both the first amended complaint and the proposed second amended complaint. Even taking into account the additional allegations in the proposed second amended complaint, Plaintiffs

---

on the permits. The Court does not consider the permits in resolving the motion to dismiss.

have failed to state a claim, rendering the proposed amendment futile.

## I. Procedural Due Process Claim

Plaintiffs allege their due process rights were violated when the Town "recorded a successor-binding Consolidated Order affecting [their] [p]roperty without constitutionally adequate process." Dkt. 35-1 ¶ 47.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This prohibition on the deprivation of property without due process applies equally to "municipalities and municipal agencies." Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011) (quoting DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005)). The Court evaluates procedural due process claims "in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Id. at 537 (quoting González-Fuentes v. Molina, 607 F.3d 864, 886 (1st Cir. 2010)). To determine whether procedures are constitutionally sufficient, the Court must "examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort

law." S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 85 (1st Cir. 2014) (quoting Zinermon v. Burch, 494 U.S. 113, 126 (1990)). The "essential requirements" are "adequate notice and an opportunity to be heard." Aponte-Rosario v. Acevedo-Vilá, 617 F.3d 1, 9 (1st Cir. 2010).

The first question is whether the Consolidated Order interfered with Plaintiffs' property interests. The proposed second amended complaint alleges that "the Town's enforcement course caused" significant economic loss. Dkt. 35-1 ¶ 20. Defendants do not dispute that they interfered with Plaintiffs' property interests.

Where Plaintiffs run aground is the contention that Defendants' procedures were not constitutionally sufficient. Defendants argue that Plaintiffs were offered adequate post-deprivation remedies of which Plaintiffs never availed themselves. The key point is that Brown assented to the Consolidated Order, which "[g]overns resolution of all historical enforcement orders." Dkt. 12 at 69. At the hearing, Brown's counsel acknowledged Brown had been represented by an attorney when he signed the Consolidated Order. There is no allegation that Brown did not have an opportunity to be heard when he chose to agree to the Consolidated Order.

Instead, Plaintiffs appear to contend that the underlying enforcement orders issued pursuant to the Massachusetts Wetlands

Protection Act, see Mass. Gen. Laws ch. 131, § 40, and the Town of Brewster Wetlands Protection By-Law violated their due process rights. Enforcement orders are appealable to the Massachusetts Superior Court within 60 days of issuance. See Mass. Gen. Laws ch. 249, § 4. Plaintiffs have not explained why the process available to them was inadequate. See Fusion Learning, Inc. v. Andover Sch. Comm., 609 F. Supp. 3d 5, 15 (D. Mass. 2022) ("'[W]here a state has provided reasonable remedies to rectify a legal error by a local administrative body,' such as 'avenues of appeal to the state courts,' due process has been provided . . . ." (quoting Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 832 n.9 (1st Cir. 1982))); see also City of Boston v. Conservation Comm'n of Quincy, 190 N.E.3d 501, 504 (Mass. 2022) ("[A]n action in the nature of certiorari is the appropriate means of review by applicants dissatisfied with a local conservation commission's order, under a local wetlands by-law, that prevents or restricts building on the applicants' land." (quoting Friedman v. Conservation Comm'n of Edgartown, 818 N.E.2d 208, 211 (Mass. App. Ct. 2004))). The Court finds that Plaintiffs have not plausibly alleged a procedural due process claim.

**II. "Class-of-One" Equal Protection Claim**

Plaintiffs also allege that Brown was treated differently from similarly situated property owners in violation of the Equal Protection Clause of the Fourteenth Amendment.

To bring a class-of-one equal protection claim, a plaintiff must allege that he has "been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Back Beach Neighbors Comm. v. Town of Rockport, 63 F.4th 126, 130 (1st Cir. 2023) (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam)). A plaintiff "bear[s] the burden of identifying comparators who are 'similarly situated in all respects relevant to the challenged government action.'" McCoy v. Town of Pittsfield, 59 F.4th 497, 507 (1st Cir. 2023) (quoting Gianfrancesco v. Town of Wrentham, 712 F.3d 634, 640 (1st Cir. 2013)).

Meeting this burden requires showing "an extremely high degree of similarity" between a plaintiff and the comparators. Cordi-Allen v. Conlon, 494 F.3d 245, 251 (1st Cir. 2007) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006)). Put differently, the question "is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 8 (1st Cir. 2001) (quoting Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 19 (1st Cir. 1989)). "Exact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, apples should be compared to apples." Id. (quoting Dartmouth Rev., 889 F.2d at 19). "It is inadequate merely to point to nearby

parcels in a vacuum and leave it to the municipality to disprove conclusory allegations that the owners of those parcels are similarly situated." Cordi-Allen, 494 F.3d at 251. Rather, a plaintiff must show that the comparators "have engaged in the same activity vis-à-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison inutile." Id.

In the first amended complaint, Plaintiffs do not identify any comparators by name. Instead, they make conclusory allegations "that the enforcement actions taken by the Town of Brewster and its officials against Plaintiffs were inconsistent with the treatment afforded to similarly situated neighboring property owners." Dkt. 1-3 ¶ 36. No further information about potential comparators is included. Once the conclusory allegations are weeded out, the first amended complaint lacks the level of specificity needed to support a class-of-one equal protection claim. See Back Beach Neighbors Comm., 63 F.4th at 131 (holding that when "the complaint makes no attempt whatsoever to" name individuals with whom a plaintiff is similarly situated, a class-of-one equal protection claim cannot stand).

In the proposed second amended complaint, Plaintiffs backfill by identifying two proposed comparators by name (Michael Jardus and Alex Wentworth). Plaintiffs allege that the Conservation Commission issued enforcement orders against Brown for vegetation-

related violations but did not act when Jardus initiated "vegetation-management activity" on his property or when Wentworth cleared vegetation "toward or into the wetland area." Dkt. 35-1 ¶¶ 27, 29. Plaintiffs argue Jardus and Wentworth are similarly situated because their properties all border the same wetland area and because the comparators also had "vegetation-management activity implicating the Town's wetlands authority." Id. ¶ 37.

Defendants respond that there is no plausible claim because Plaintiffs do not allege relevant facts, such as the physical characteristics of the comparators' properties beyond proximity to wetland, the amount of vegetation-clearing occurring on the comparators' properties, or any other circumstances from which it could reasonably be inferred that Jardus and Wentworth "were 'similarly situated [to Plaintiffs] in all relevant respects.'" Freeman v. Town of Hudson, 714 F.3d 29, 39 (1st Cir. 2013) (quoting Barrington Cove, 246 F.3d at 8).

Plaintiffs' allegations of vegetation-management activity on the comparators' properties do not meet the "very significant burden" required to adequately identify others similarly situated. Cordi-Allen, 494 F.3d at 251 (quoting Discovery House, Inc. v. Consol. City of Indianapolis, 319 F.3d 277, 283 (7th Cir. 2003)); see Middleborough Veterans' Outreach Ctr., Inc. v. Provencher, 502 F. App'x 8, 11 (1st Cir. 2013) ("Our precedents 'place the burden on the plaintiff . . . to show such identity of entities and

circumstances to a high degree.'" (alteration in original) (quoting Rectrix Aerodrome Ctrs., Inc. v. Barnstable Mun. Airport Comm'n, 610 F.3d 8, 16 (1st Cir. 2010))). A host of relevant differences are apparent even in the complaint's allegations, such as the myriad violations found on Plaintiffs' property as opposed to solely the vegetation clearing on the comparators' property. Plaintiffs' violations spanned decades, starting in 1985, and there are no similar alleged time periods for the neighbors' alleged violations. Plaintiffs also identified a key difference in their complaint -- that one comparator was a homeowner. See Barrington Cove, 246 F.3d at 9 (dismissing a class-of-one claim when the complaint included details that would have given the government a rational basis for differences in treatment). These differences mean Plaintiffs have not stated a plausible claim that the neighbors on the pond were engaged in similar misconduct. The Court finds that Plaintiffs have not plausibly alleged an equal protection claim.

## III. State-Law Claims

The Court must next consider whether to exercise supplemental jurisdiction over the remaining claims, which all arise under state law. See 28 U.S.C. § 1367(c)(3); see also Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 36 (1st Cir. 2020) ("[I]t is settled law that district courts may decline to exercise supplemental jurisdiction over pendent state law

claims when the anchor federal claims for those state law claims are dismissed.”). Generally, when “all federal-law claims are eliminated before trial,” the factors of “comity, judicial economy, convenience, and fairness” counsel “toward declining to exercise jurisdiction over the remaining state-law claims.” Vazquez-Velazquez v. P.R. Highways & Transp. Auth., 73 F.4th 44, 53 (1st Cir. 2023) (quoting Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011)). Given the dismissal of Plaintiffs’ federal claims, the Court declines to exercise supplemental jurisdiction over the state-law claims and remands them to state court.

**ORDER**

For the foregoing reasons, the Court **ALLOWS** Defendants’ motion to dismiss (Dkt. 6) as to Plaintiffs’ federal claims (Count III) and **REMANDS** the state-law claims (Counts I, II, and IV) to the Barnstable County Superior Court. Plaintiffs’ motion for leave to file a second amended complaint (Dkt. 35) is **DENIED** as futile.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge